IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS B. HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2318-X-BN |
| | § | |
| LEAFFILTER NORTH LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR HEARING AND TO ABATE RESPONSE DEADLINE**

Plaintiff Lucas B. Horton filed a *pro se* complaint against Defendant LeafFilter North, LLC alleging violations of the Telephone Consumer Protection Act and Texas law. *See* Dkt. No. 2.

United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

LeafFilter has not responded to Horton's complaint but has moved for a status conference regarding arbitration and to abate its deadline to respond to Horton's complaint, *see generally* Dkt. No. 5, explaining that it "was served on September 2, 2025, and its answer is presently due September 23, 2025" and that "[t]his case will encounter a fundamental issue in the form of LeafFilter's arbitration clause" – that is, whether Horton, by visiting and using LeafFilter's website, subjected his claims in this lawsuit to LeafFilter's arbitration clause, *id.* at 1.

According to LeafFilter, "[p]rior to initiating this case, [Horton] made a pre-

suit demand to LeafFilter," its response included identifying "the arbitration provision at issue," and Horton's reply included an assertion "that he did not visit the website in question," and, so, "[w]hether [he] in fact visited the website in question and agreed to arbitrate … is a critical threshold issue in this case." *Id.* at 2.

LeafFilter therefore "contends that a status hearing would enable the Parties to discuss this dispute and proceed efficiently without burdening this Court with unnecessary briefing," explaining that, consistent with "*Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), [it] must move to compel arbitration expediently to avoid the potential waiver of its right to do so," and, so, it is "stuck between a rock and a hard place" – that is, "[i]t is prepared to move to compel arbitration, but is aware [Horton] intends to create a dispute by claiming he never visited the website in question." *Id.*

Starting with LeafFilter's waiver concern, "[f]ollowing *Morgan*, 'the surviving test for waiver in this circuit is the remainder of [the] Fifth Circuit's prior test: whether the party has substantially invoked the judicial process.'" *Guillaume v. EKRE of TX, LLC*, No. 3:24-cv-820-S-BN, 2024 WL 5171619, at *4 (N.D. Tex. Nov. 8, 2024) (quoting *Vollmering v. Assaggio Honolulu, LLC*, No. 2:22-CV-00002, 2022 WL 6246881, at *12 (S.D. Tex. Sept. 17, 2022); citing *Barnett v. Am. Exp. Nat'l Bank*, No. 3:20-CV-623-HTW-LGI, 2024 WL 3305999, at *5 (S.D. Miss. July 3, 2024) ("*Morgan* resolved the circuit split when it decided that prejudice is not a requirement for waiver. This Court, then, must determine only whether [the party moving to compel arbitration] substantially invoked the judicial process.")), *rec. accepted*, 2024 WL 5173316 (N.D. Tex. Dec. 19, 2024).

"For waiver purposes, a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Forby v. One Techs., L.P.*, 13 F.4th 460, 465 (5th Cir. 2021) (cleaned up).

And, as the undersigned understands LeafFilter's position, it does not intend to litigate (that is, defend against) Horton's claims in this forum, but it is concerned that, based on Horton's position, it must invoke the judicial process to determine whether an agreement to arbitrate exists.

"Where a party attacks the very existence of an agreement [to arbitrate], as opposed to its continued validity or enforcement, the courts must first resolve that dispute." *Coon v. Crawford & Co.*, No. 3:23-cv-2732-S, 2024 WL 2804931, at *3 (N.D. Tex. May 30, 2024) (cleaned up; quoting *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 219 (5th Cir. 2003)).

And the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "provides that, '[i]f the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof,'" *Coon*, 2024 WL 2804931, at *4 (cleaned up; quoting 9 U.S.C. § 4; concluding that, "[s]ince the Court finds the making of the Arbitration Agreement to be in issue, the Court sets this case for trial limited to whether there is a binding agreement to arbitrate"); *see also, e.g.*, *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 403-04 & n.3 (8th Cir. 2021) (noting that the federal courts of appeal that have addressed this issue "have similarly held that § 4 requires the district court to proceed to trial when factual disputes exist" (collecting cases)).

And it follows that invoking the judicial process for a court to determine the

threshold question of whether an agreement to arbitrate exists will not alone amount to waiver of the right to arbitrate a claim.

That is because "[t]he propriety and desirability of having an initial judicial determination of whether an arbitration contract exists is well recognized." *Gen. Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.*, 427 F.2d 924, 928 (5th Cir. 1970) (collecting authority); *see also Spark Connected, LLC v. Semtech Corp.*, No. 4:18-cv-748-KPJ, 2020 WL 6591458, *5 (E.D. Tex. Nov. 10, 2020) ("The Fifth Circuit has held the initial determination of an arbitration agreement's validity neither constitutes a substantial invocation, nor does it constitute a litigation of the arbitrable dispute such that waiver has occurred." (citations omitted)).

And, so, "a defendant may allow significant time to pass and may engage in some preliminaries of litigation without the court's finding substantial invocation." *Aptim Corp. v. McCall*, 888 F.3d 129, 141 (5th Cir. 2018).

And, maybe more importantly, "context controls," so courts will examine a party's acts to determine if they suggest "an intent to remain in court." *Garcia v. Fuentes Rest. Mgmt. Servs., Inc.*, 141 F.4th 671, 680-81 (5th Cir. 2025) ("The Restaurant Defendants did not assert an arbitration defense in their answer, expressly stated they would not seek arbitration, and subsequently engaged in typical litigative processes. These acts were intentionally taken, and, together, constitute abandonment of the right to arbitrate.").

So it does not seem that LeafFilter is necessarily "stuck between a rock and a hard place" to the extent that it could respond to Horton's complaint without

abandoning the right to arbitrate. *Cf. Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021) ("[O]nce a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved.").

And it makes sense to have some sort of response to the complaint on the record before conducting a status conference with the parties.

That said, once LeafFilter does respond to Horton's complaint, if the need to proceed to trial on arbitrability remains, the undersigned will set this matter for a conference under Federal Rule of Civil Procedure 16(b) expeditiously. *Cf. Boykin v. Family Dollar Stores of Mich.*, 3 F.4th 832, 844 (6th Cir. 2021) ("The parties may not address other issues, including merits issues, before the court resolves these formation questions and [the] motion to compel. In the meantime, the court should hold its motion in abeyance. The parties may seek targeted discovery on the disputed contract-formation questions. But any discovery must comport with § 4, which calls for a summary trial – not death by discovery." (cleaned up)).

But LeafFilter's current motion for a status conference and to abate its deadline to respond to the complaint [Dkt. No. 5] is DENIED.

SO ORDERED.

DATED: September 12, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE